107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,
v.
AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as
Trustee for Trust Number 102836-04, et al., Defendants.
CHICAGO MECHANICAL, INC, and Millar Elevator Service
Company, Cross-Plaintiffs/Appellees,
v.
AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as
Trustee for Trust Number 103175-01,
Cross-Defendant/Appellant
 
 No. 95-3471.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 29, 1997.*
Decided Feb. 06, 1997.
 Before FAIRCHILD, BAUER, and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 This appeal is an eddy in the flood of litigation generated by a commercial mortgage foreclosure initiated by the now-defunct TransOhio Federal Savings Bank against a leasehold interest that included an office building at 185 North Wabash in Chicago. Several mechanic's lien claimants, two of whom are the appellees here, intervened to recover for various materials and services they had provided to the office building but not been paid for. American National Bank was involved in two different capacities: first, as trustee of Trust Number 102836-04, which was named a defendant as one of the record owners of the leasehold; and second, as trustee of Trust Number 103175-01, which holds title to part of the underlying fee simple real estate--literally, the ground beneath the leasehold (hereinafter the "Ground Trust"). The bank appeals on behalf of the Ground Trust.
 
 
 2
 In 1994 the appellees moved for partial summary judgment expressly limited to declaring the validity and enforceability of their liens and foreclosing against the leasehold. The motion apparently sought no relief against the owners of the fee simple, and it reserved the issues of priority among liens and enhancement of the property for a later date. None of the leaseholders responded to the motion, and the Ground Trust merely filed a notice reiterating that no relief was sought against it. On August 11 the district court granted the requested judgment, and on September 1 entered an order of foreclosure and sale. Meanwhile, the Ground Trust successfully sued in state court to terminate the lease and recover possession on the basis of the lessees' default of various obligations. The Ground Trust later filed with the district court a certified copy of an August 25, 1994, order of termination issued by the Circuit Court of Cook County.
 
 
 3
 In 1995 the appellees each moved to amend their pleadings so that the sole relief requested would be a declaratory judgment of the validity of their liens against the apparently extinguished leasehold, effective as of the September 1, 1994, date of the original foreclosure order. The Ground Trust objected, pointing out that the lease no longer existed. The Ground Trust also argued that the requested amendments would confuse the property interests of the parties and might amount to a collateral attack on the Cook County termination judgment. The appellees responded that they wanted clarification that the original order was final and appealable, and to preserve the court's finding that the mechanic's liens were valid and enforceable. The district court granted the motions and amended the order nunc pro tunc, orally emphasizing at a hearing with the parties that "this isn't some sneaky way of trying to set aside an action by the Circuit Court of Cook County, just to put it in the vernacular; it's intended to make clear what the orders would mean." (Aug. 23, 1995, Hearing Tr. at 16.)
 
 
 4
 In this appeal, American National Bank takes issue with these amendments on behalf of the Ground Trust. The appellant believes that the amendments retroactively alter the rights of the parties, in derogation of the judgment of the Circuit Court of Cook County. Surprisingly, however, the appellant is unable to point to even one specific instance of prejudice. As it summarizes the basic thrust of its argument "The trial court abused its discretion by entering orders amending the pleadings and amending the foreclosure judgment without obtaining any explanation of why the amendments were sought, why they were appropriate under the Federal Rules and whether they would prejudice the Ground [Trust]." (Appellant's Br. at 11.) It cites no authority for its arguments that the district court was obligated to inquire into the movants' motives or to take special actions to safeguard the Ground Trust's interests.
 
 
 5
 American National Bank is correct that a nunc pro tunc order may not be used to rewrite history. " 'This phrase--literally 'now for then'--refers to situations in which the court's records do not accurately reflect its actions. When the error comes to light, the court corrects the file to show what actually happened.' The power to correct erroneous records does not imply ability to revise the substance of what transpired or to backdate events." Kusay v. United States, 62 F.3d 192, 193 (7th Cir.1995) (quoting In re Singson, 41 F.3d 316, 318 (7th Cir.1994)). A nunc pro tunc order does not grant courts an "Orwellian power." Id. But the appellant here does no more than speculate, and invite us to speculate, as to the possible procedural or substantive impropriety of the district court's avowedly technical order.[1] Therefore the judgment must be AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a), Cir.R. 34(f)
 
 
 [1]
 The appellant alternatively suggests that the district court's 1994 decision was final and appealable, thus requiring the appellees' amendments to comply with Fed.R.Civ.P. 59(e) or 60. Because we do not believe that the 1994 decision was final, we do not address this argument